UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOPPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22 CV 1101 RWS |
| | ) |
| ST. FRANCOIS COUNTY, MISSOURI, | ) |
| | ) |
| HEATHER SMITH, LPN in her individual capacity, and | ) |
| | ) |
| JOHN DOE CORRECTIONAL OFFICER, in his individual capacity, | ) |
| | ) |
| Defendants, | ) |

# ORDER AND MEMORANDUM

In 2018, Plaintiff Robert Hopple was a pretrial detainee at the St. Francois County Jail in Farmington, Missouri. In his complaint he alleges that the jail nurse at that facility was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment of the United States Constitution.[1] He also alleges that a correctional officer purposely placed Hopple in a cell with two other detainees to allow Hopple to be assaulted by the detainees in violation of the Fourteenth Amendment. Hopple asserts these constitutional claims against the

---

[1] Hopple's complaint includes many allegations of unhygienic and overcrowding conditions at the jail. These allegations are the subject of a separate class action lawsuit.

nurse, the unnamed correctional officer, and St. Francois County under 42 U.S.C § 1983.  The nurse and St. Francois County have filed motions to dismiss for a failure to state a claim.  Because I find that Hopple has alleged sufficient facts in his complaint to state a claim against the jail nurse I will deny her motion to dismiss.  Hopple's complaint fails to allege sufficient facts to assert a claim against St. Francois County and it's motion to dismiss will be granted.

*Background*

Defendant St. Francois County is a political subdivision of the State of Missouri and is responsible for the actions, policies, and procedures of the St. Francois County Sheriff's Office.  Sheriff Daniel Bullock was the Sheriff of St. Francois County during the relevant time period.  Bullock is responsible for the employees, actions, policies, and procedures of the St. Francois County Jail.  St. Francois County receives federal funds to assist with jail operations, including funds to house federal detainees.  Defendant Heather Smith is a St. Francois County employee working as a Licensed Practice Nurse at the jail.  Advanced Correctional Healthcare, Inc. is an Illinois corporation that contracted with St. Francois County to provide medical services at the jail during the relevant time period including providing a physician or mid-level practitioner to visit the jail weekly and to be available twenty-four hours a day, seven days a week, to ensure detainees receive adequate medical care.

Plaintiff Hopple was a pretrial detainee at the St. Francois County Jail from May 4, 2018 through October 23, 2018.  He had been charged with sexual misconduct involving a minor.  Those charges were later dropped by the St. Francois Prosecuting Attorney.  Hopple alleges that a few months into his detention, on an unspecified date, he was transferred to a different pod at the jail by an unknown John Doe correctional officer and placed into a cell where two other detainees were waiting for Hopple.  The detainees immediately began hitting and kicking Hopple's head and face.  The assault continued for approximately ten minutes until the correctional officer returned and escorted Hopple back to his previous pod.  Hopple was told by other detainees that he was being targeted by other detainees, with the help of the correctional officers, because of the nature of Hopple's charges.  Hopple asserts that he had heard that other detainees with similar charges had also been assaulted.

Hopple asserts that he was bloodied and bruised after the assault and that his front teeth were broken.  He alleges that he informed the jail nurse, Heather Smith, that he had been attacked, that he was in pain, and that he needed to see a doctor.  Hopple alleges that Smith did not perform an evaluation of Hopple's injuries, she refused to provide him with pain medication, and she refused his request to see a doctor.  Hopple alleges that for three days he remained in extreme and obvious amounts of pain, that he was in and out of consciousness in his cell, and that he

was forced to scream for medical help.  Smith and the other jail staff ignored his cries for help.  When the pain eventually became unbearable Hopple pulled out his own tooth.  He again requested pain medication from Smith but she denied his request.  He never was seen by a doctor and never received any pain medication after his assault.  Hopple asserts that the lack of timely evaluation and denial of dental care caused lasting damage to his teeth and gums.

Hopple alleges Fourteenth Amendment claims against the John Doe correctional officer, Smith, and St. Francois County.  Smith and St. Francois County filed separate motions to dismiss.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.  A pleading that merely asserts conclusory statements, "a formulaic recitation of the elements

of a cause of action" and "naked assertions" that are not factually supported is insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

*Discussion*

"Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." Holden v. Hirner, 663 F.3d 336, 341 (8th Cir. 2011). As a practical matter pretrial detainees "are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). See also Smith v. Lisenbe, 73 F.4th 596, 600 (8th Cir. 2023) ("a pretrial detainee receives at least the same protections that convicted prisoners receive under the Eighth Amendment.") (cleaned up).

"To establish prison officials failed to prevent harm, a pretrial detainee first must prove he was incarcerated under conditions posing a substantial risk of serious harm. [] This is an objective requirement to ensure the deprivation is a violation of a constitutional right. [] Second, [the detainee] must establish the prison officials were deliberately indifferent to inmate health or safety. [] This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." Holden, 663 F.3d at 341

(cleaned up).  "Deliberate indifference is a difficult standard to meet. [] It requires an official to consciously disregard a known and objectively serious medical need. [] A serious medical need is one diagnosed by a physician or so obvious that even a layman would recognize it." Leonard v. St. Charles County Police Department, 59 F.4th 355, 360 (8th Cir. 2023) (cleaned up). Deliberate disregard requires more than negligence, more than even gross negligence, but less that purposefully causing or knowingly bringing about a substantial risk of serious harm to an inmate. Thompson v. King, 730 F.3d 742, 747 (8th Cir. 2013) (cleaned up).  "[A] complete failure to treat an extremely painful (or other serious) condition displays a reckless indifference to a serious medical need." Leonard, 59 F.4th at 363.

In Count I of his complaint, Hopple asserts a deliberate indifference claim against the John Doe correctional officer in his individual capacity.  He asserts that the officer intentionally placed him in a cell with two other detainees to allow them to assault Hopple.  Placing an inmate in a dangerous situation can be deliberately indifferent to the inmate's safety.  Id. (citing Phillips v. Jasper County Jail, 437 F.3d 791, 796 (8th Cir. 2006)).  This allegation is not subject to a motion to dismiss.

Based on the allegations against the correctional officer, Hopple also asserts a claim against St. Francois County alleging that it has a practice and custom of "allowing detainee violence and assaults where some detainees were allowed by

6

jail staff to prey on other vulnerable detainees," and for failing to "supervise or discipline its employees by failing to prevent and respond to clear instances of unconstitutional employee behavior, as well as a practice and custom of tolerating instances where detainees are put into harmful and vulnerable positions." St. Francois County has moved to dismiss this claim for a failure to state a claim for relief.

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). In a section 1983 action, a political subdivision, like St. Francois County, may only be held liable for constitutional violations that result from a policy, custom, or practice of the county. See Monell, 436 U.S. at 690 (1978). To establish a custom or practice a plaintiff must present evidence of "a widespread and persistent pattern of unconstitutional misconduct ... policymakers were either deliberately indifferent to or tacitly authorized" which caused a violation of plaintiff's constitutional rights. Leonard, 59 F.4th at 363 (citation and quotation omitted). "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law." Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up). A plaintiff must establish that the custom was a moving force behind the constitutional violation. Corwin v. City of

Indep., MO., 829 F.3d 695, 700 (8th Cir. 2016).  A failure to train or supervise is an extension of a custom claim and is established when the failure evidences a deliberate indifference to the constitutional rights of a plaintiff.  Marsh v. Phelps County, 902 F.3d 745, 751 (8th Cir. 2018).

To support his practice and custom claim Hopple alleges that he had heard that other detainees who had been charged with sexual contact with a minor were assaulted.[2]  This general allegation, unsupported by any facts, is not sufficient to establish municipal liability under Monell.  It fails to provide any factual basis in support of a widespread and persistent pattern of unconstitutional misconduct that policymakers were either deliberately indifferent to or tacitly authorized.  A pleading's naked assertions that are not factually supported are insufficient to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As a result, I will grant Defendant St. Francois County's motion to dismiss the claims against it in Count I.

In Count II[3] of his complaint Hopple asserts a claim of deliberate indifference to his serious medical need against jail nurse, Heather Smith, in her individual capacity.  In support of this claim Hopple alleges that he was bloodied and bruised after the assault and that his front teeth were broken.  He alleges that

---

[2] Hopple also makes a general assertion that the correctional officers would select detainees to fight each other for "Friday Night Fights" but this allegation does not support a practice or custom of targeting detainees for assault because they were charged with sexual misconduct with a minor.

[3] Hopple's complaint mislabels this count as Count III.

8

he informed Smith that he had been attacked, that he was in pain, and that he needed to see a doctor.  Hopple alleges that Smith did not perform an evaluation of Hopple's injuries, she refused to provide him with pain medication, and she refused his request to see a doctor.  Hopple alleges that for three days he remained in extreme and obvious amounts of pain, that he was in and out of consciousness in his cell, and that he was forced to scream for medical help.  Smith and the other jail staff ignored his cries for help.  When the pain eventually became unbearable Hopple pulled out his own tooth.  He again requested pain medication from Smith but she denied his request.  He never was seen by a doctor and never received any pain medication after his assault.

    These allegations are sufficient to state a deliberate indifference to a serious medical need claim against Smith.  Hopple asserts that he was obviously bruised and bloody and had broken teeth.  Not only did Smith not attempt to treat Hopple for his injuries, Hopple alleges that she declined to even perform of an evaluation of his injuries.  A detainee presenting the injuries Hopple describes would establish a serious medical need so obvious that even a layman would recognize it.

    In her motion to dismiss, Smith argues that even if Hopple had a serious medical need he fails to allege that Smith actually knew he had an objectively serious medical condition.  To the contrary, Hopple alleges that he informed Smith about the attack and his injuries but she failed to perform an evaluation of his

injuries. Had she done so she would have seen he had an objectively serious medical condition assuming Hopple's factual allegations are true. A medical provider in a jail cannot avoid liability by asserting that they did not have any knowledge of, or an appreciation of the extent of, an inmate's injuries if the provider refuses to even evaluate the inmate. Such a defense is without merit. As a result, I will deny Smith's motion to dismiss.

Hopple also asserts a Monell claim against St. Francois County in Count II alleging a practice and custom of "ignoring detainee health needs or failing to provide medical treatment, and for failing to train and supervise its employees to provide constitutionally adequate medical treatment," and that the "deputies and other jail staff were not provided any specific training to work with detainees experiencing medical needs within the jail or sufficient training to identify and respond to medical emergencies."

In support of these sweeping allegations Hopple points to a handful of unconnected incidents. He asserts that in early 2018 an inmate had a toothache and sought treatment from Smith who merely recommended that he gargle with salt water. Despite his on-going discomfort, Smith failed to evaluate further the inmate's tooth pain and did not provide him with pain medicine or send him to a dentist. After several months, when the inmate was transferred to the Missouri Department of Corrections, his tooth was so decayed it was extracted. In another

10

incident in 2018, a female inmate was not given her medication for her bipolar disorder during her incarceration and not provided medication for her depression and anxiety for several months.  In addition, she experienced severe abdominal pain and vaginal discharge which Smith kept treating with multiple rounds of antibiotics.  After she was released from jail she was diagnosed with a gall bladder issue and required emergency surgery.  In June 2018, a male inmate attempted to commit suicide by hanging himself from a railing in a communal area of the jail.  The makeshift rope broke and the inmate fell to the floor.  Hopple asserts that the prison staff was slow to respond to that event and made the detainees return to their cells for a lockdown before they attended to the injured inmate.

Hopple's limited allegations that jail employees were slow response to the inmate suicide attempt suggests negligent conduct because the employees did attend to the inmate's medical needs.  Smith's treatment, or lack thereof, of the bipolar inmate and the inmate with the dental issues may support a claim of deliberate indifference to a serious medical need.  However, these two incidents fail to present a factual basis of a widespread and persistent pattern of unconstitutional misconduct that policymakers were either deliberately indifferent to or tacitly authorized that would establish a Monell claim of municipal liability.  Moreover, the allegations in his complaint that the jail facility had a custom and practice of ignoring detainee health needs and failed to provide medical treatment

11

is an insufficient and generalized allegation.  Hopple's allegations that there was no way for detainees to follow up on their request for medical care and that detainees' made complaints about delays in accessing health services also is insufficient to establish a <u>Monell</u> claim.  These allegations fail to provide a factual basis to support a claim that St. Francois County had a widespread and persistent pattern of unconstitutional misconduct that policymakers were either deliberately indifferent to or tacitly authorized.  The underlying unconstitutional conduct in this case is the conscious disregard of known and objectively serious medical needs. Generalized complaints about the availability of medical services do not state such a claim.  As a result, I will grant Defendant St. Francois County's motion to dismiss the claims against it in Count II.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant St. Francois County's motion to dismiss the claims against it in Counts I and II of Plaintiff's complaint [12] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Heather Smith's motion to dismiss the claims against her in Count I of Plaintiff's complaint [6] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2023.